### HANKINS v. KAFFIE.†
### No. 5011.

Court of Appeal of Louisiana. Second Circuit.
April 1, 1935.

Geo. T. McSween and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellant.

Cook & Cook and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellee.

DREW, Judge.

This is a suit to recover damages for malpractice. The defendant is a dentist and oral surgeon, practicing his profession in the city of Shreveport. The plaintiff became his patient in August, 1929, having at the time some trouble with the third molar of the lower left jaw. After treating said tooth a few days, the defendant extracted it on August 26, 1929.

It is charged that the defendant failed to exercise proper skill and care in extracting plaintiff's tooth, negligently breaking his jawbone in doing so; that he willfully concealed this fact from the plaintiff and endeavored to mislead him as to his true condition; that he negligently failed to make, or caused to be made, an X-ray examination thereof, and discouraged the plaintiff in doing so; that plaintiff's jaw became infected, resulting in osteomyelitis, which condition the defendant negligently failed to diagnose and treat properly; that the defendant was unable to properly care for and treat plaintiff's broken jawbone and the osteomyelitis resulting therefrom because of incompetency and lack of qualifications and experience for that purpose.

It is alleged that plaintiff's blood stream became infected, endangering his life, thus necessitating an emergency surgical operation for the removal of portions of the jawbone, which was performed on or about October 5, 1929; that his nervous system and general health were impaired; that there is ankylosis of his left jaw, inability to masticate his food, much interference in swallowing and with movements of the tongue; that there is a displacement of his jawbone, lack of apposition of the teeth thereof with the corresponding upper teeth, resulting in defective occlusal and biting surface; that he suffered great physical pain and mental anguish; that he was confined in a sanitarium approximately nine weeks, unable to move his mouth or teeth.

Plaintiff sues for physical pain, $10,000; mental anguish, $10,000; and permanent injuries, $20,000. The demands for sanitarium expenses and doctors' bills were nonsuited.

Defendant answered, admitting defendant's employment by plaintiff and the extraction of the latter's tooth, but denying all charges of negligence, averring that defendant exercised proper skill and care in the performance of his professional services. All other material allegations of the petition are denied, except that plaintiff's jawbone was fractured, as to which the answer alleges in paragraph 5 thereof:

"Your defendant denies that the jaw bone of plaintiff was broken, and avers that even if the same was slightly fractured, that the fracture was an unavoidable condition, and result, due to the peculiar condition of plaintiff's jaw bone, and which fracture or partial fracture could not have been avoided by any reputable dentist.

"Your defendant further shows that in extracting teeth where the same are imbedded in the jaw bone, in numerous cases a fracture has occurred in spite of the highest degree of skill exercised by expert dentists in all parts of the country."

The case was tried twice with the intervention of a jury, resulting in a mistrial in each instance. Upon submission thereof to the court without a jury, plaintiff's demands were rejected, and he now prosecutes this appeal.

In this court plaintiff has abandoned his claim against defendant for the alleged breaking of the jawbone, and is now claiming damages only for the alleged neglect of defendant after the bone was discovered to have been broken, and for the alleged improper diagnosis of the condition of plaintiff's jawbone.

The case involves only questions of fact, and the facts are almost all entirely with the defendant. Numerous radiologists, doctors, and dentists testified in the case, both for plaintiff and defendant; however, they are practically unanimous in the opinion that the jawbone was not broken by the extraction of the tooth and did not become broken until ten or twelve days after the extraction; that the break in the jawbone was due to a pathological condition, a disease of the bone known as osteomyelitis and bone necrosis, with which plaintiff was suffering at the time of the extraction. All the expert witnesses in dental and oral surgery agree that the technique used by defendant in extracting the tooth was correct and the standard method employed by all reputable dentists in extracting teeth which are embedded, as was plaintiff's tooth. They likewise all agree that the treatment given plaintiff by defendant after the extraction was the proper treatment, and that defendant, in treating plaintiff, did

nothing he should not have done and did everything he should have done.

It is clear that plaintiff has failed to make out a case, and the overwhelming preponderance of the testimony is against his contentions.

The judgment of the lower court is correct and is affirmed, with costs.

MILLS, J., recused.